UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MULLINGS, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>TSOUKARIS, et al.,<br><br>                Defendants. | Civil Action No.: 13-6264 (JLL)<br><br>**OPINION AND ORDER** |

This matter comes before the Court by way of pro se Plaintiffs Ameika Mullings, Sakima Mullings, and Peter Mullings ("Plaintiffs")' in forma pauperis application to bring a civil action, without prepayment of fees or security, for claims brought pursuant to 28 U.S.C. § 2201. (Compl., CM/ECF No. 1.) The Court has considered Plaintiffs' affidavit of indigence and grants Plaintiff Ameika Mullings's application to proceed in forma pauperis. As to Plaintiffs Sakima and Petter Mullings, the Court denies their applications to proceed in forma pauperis without prejudice as procedurally deficient. The Court dismisses the Complaint without prejudice as to Ameika Mullings pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiffs filed their civil action complaint ("Complaint") along with their application to proceed in forma pauperis on October 21, 2013. (CM/ECF No. 1.) Plaintiffs' Complaint asserts that all three Plaintiffs, natives of Jamaica, were improperly denied derivative citizenship and seeks declaratory judgment that they are citizens of the United States. (*Id.* at ¶ 2). Plaintiffs allege that their mother applied for citizenship on April 11, 1997, when all three of her children, the Plaintiffs in the instant matter, were under eighteen years of age. (*Id.* at ¶ 20.) Her completed application, which listed her three children and their ages, was received by the

1

Immigration and Naturalization Service center in Vermont on October 20, 1997. (*Id.* at ¶ 20.) Their mother's application for citizenship was approved on May 16, 2000 and she was sworn in on August 4, 2000. (*Id.*) By this time, all three Plaintiffs had reached the age of eighteen. (*Id.*) Plaintiffs claim that due to "misconduct" and "inexplicable delay on the part of INS," they had reached the age of eighteen by the time their mother was granted citizenship and were thereby no longer eligible for derivative citizenship under 8 U.S.C. § 1432(a), former section 321(a)(3) of the Immigration and Nationality Act as enacted in 1988. (*Id.* at ¶¶ 19-21.)

Plaintiff Ameika Mullings was sentenced to at least a one-year term of imprisonment for Second Degree Robbery. (*Id.* at ¶ 18.) She is currently in removal proceedings pursuant to 8 U.S.C. § 1227(a) as an alien who has been convicted of an aggravated felony. (*Id.* at ¶ 17.) Plaintiffs Peter and Sakima Mullings were removed from the U.S. in or about July 2006 and June 2008, respectively. (*Id.* at ¶ 4.) They both currently reside in Jamaica. (Aff. of Indigence, at 1.)

## II. LEGAL STANDARD

28 U.S.C. § 1915 "is designed to ensure that indigent litigants have meaningful access to federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For a Court to grant in forma pauperis status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). "The Supreme Court has held that a plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" *Chatman v. Allegheny County*, 144 Fed. Appx. 216, 217 (3d Cir. 2005) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

If the Court finds that the Plaintiff is unable to pay the court's costs and filing fees and grants the Plaintiff in forma pauperis status, the Court must then "screen" the complaint filed for any actionable claims. Pursuant to 28 U.S.C. §1915(a), the Court may dismiss the complaint

upon a determination that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915; *Douris v. Middletown Twp.*, 293 Fed. Appx. 130, 132 (3d Cir. 2008).

A complaint can be dismissed for failure to state a claim upon which relief may be granted if the allegations set forth by the plaintiff cannot be construed to supply facts in support of a claim entitling the plaintiff to relief. *Milhouse v. Carlson*, 652 F. 2d 371, 373 (3d Cir. 1981). In determining the sufficiency of a pro se complaint, the Court must construe the allegations therein liberally. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend the complaint unless it finds bad faith, prejudice, or futility. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 108 (3d Cir. 2002). Futility is justified if the complaint, despite amendment, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

### III. ANALYSIS

A. Plaintiff's Application to Proceed *In Forma Pauperis*

After reviewing Plaintiff Ameika Mulling's affidavit of indigence, the Court finds that she qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. Plaintiff has been unemployed since July 2012 and has $67 in cash or a savings or checking account. (Aff. of Indigence, at 3-4.) Plaintiff's application further indicates that she has monthly payments to a creditor totaling $25. (*Id.* at 6.) Plaintiff has no assets. (*Id.* at 7.) In light of the foregoing, the Court finds that Plaintiff has made an adequate showing that she is unable to remit the $350.00

filing fee for a civil action as required by Local Civil Rule 54.3, and accordingly grants her in forma pauperis status.

Plaintiffs Sakima and Peter Mullings did not submit affidavits of indigence. Ameika's affidavit states that "Peter and Sakimga [sic] Mullings and including myself do not have the financial means to pay the filing fee." (Aff. in Supp. of Mot., at 1.) This is insufficient to qualify for in forma pauperis status pursuant to 28 U.S.C. § 1915. To qualify for such status, *each* plaintiff wishing to proceed in forma pauperis must submit an affidavit that includes a statement of all assets demonstrating that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A conclusory sworn statement by Ameika Mullings that neither of her siblings is able to pay the filing fee is insufficient. Therefore, the Court denies the petitions of Sakima and Peter Mullings to proceed in forma pauperis and dismisses the claims as to them without prejudice. The Court will proceed to "screen" the Complaint only with respect to those claims on behalf of Plaintiff Ameika Mullings.

B. Plaintiff's § 2201 Claims

Plaintiff's Complaint alleges a violation of her right to derivative citizenship pursuant to 8 U.S.C. § 1432(a). She seeks a declaratory judgment of U.S. citizenship under 28 U.S.C. § 2201. Pursuant to 8 U.S.C. § 1503(a), a person denied "a right or privilege...upon the ground that he is not a national of the United States," may institute an action for declaratory judgment on citizenship pursuant to 28 U.S.C. § 2201 *except*:

> if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this or any other act, or (2) is in issue in any such removal proceeding.

Suits for declaratory judgment as to citizenship by a Plaintiff who is the subject of ongoing removal proceedings are barred. 8 U.S.C. § 1503(a); *see also Rios-Valenzuela v. Dep't of*

*Homeland Sec.*, 506 F.3d 393 (5th Cir. 2007) ("The statute states that a § 1503(a) claim may not be instituted when the claimant's citizenship is in issue in a removal proceeding.").

In the instant matter, Plaintiff's Complaint does not set out facts that allow the Court to determine whether the denial of derivative citizenship is at issue in the removal proceedings or whether it arose in connection with said proceedings. Therefore, the Court cannot determine whether it has subject matter jurisdiction to review the denial of derivative citizenship pursuant to § 1503(a). *See Boggiano v. Holder*, 2010 U.S. Dist. LEXIS 13185 (D.N.J. Feb. 16, 2010).

C. Leave to Amend

A court must grant leave to amend before dismissing a complaint that is facially deficient unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-53 (3d Cir. 2007). Since the Court does not find that amendment would be inequitable or futile, it accordingly dismisses Plaintiff Ameika Mullings's Complaint without prejudice. Plaintiff shall have thirty (30) days in which to file an Amended Complaint. Failure to file an amended complaint within that time period will result in dismissal with prejudice.

## IV. CONCLUSION

For the reasons stated herein,

IT IS, therefore, on this **28th day of OCTOBER 2013**,

**ORDERED** that Plaintiff Ameika Mullings's application to proceed in this matter in forma pauperis is **GRANTED**; and it is further

**ORDERED** that Plaintiffs Sakima and Peter Mullings's applications to proceed in this matter in forma pauperis is **DENIED**; and it is further

**ORDERED** that the Clerk shall file Plaintiff Ameika Mullings's Complaint; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED** <u>without</u> prejudice, with leave to file an amended complaint which cures the deficiencies cited herein within thirty (30) days of entry of this Order. If Plaintiff fails to file an amended complaint within thirty (30) days, her Complaint will be dismissed <u>with</u> prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**IT IS SO ORDERED.**

/s/ Jose Linares
Jose L. Linares
United States District Judge